```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION
IN RE:
DAVID J. DAMBRO

                    Debtor.
_____/

RICHARD  K.  DIAMOND,  Chapter  7
Trustee of the Bankruptcy Estate of
IVDS   Interactive   Acquisitions
Partners,
                    Plaintiff,
vs.                                    Case No.  8:11-cv-1000-T-33
                                        Bankr. No.  8:09-bk-3240-CED
                                       Adversary No. 8:09-ap-338-CED

DAVID J. DAMBRO,
                    Defendant.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Richard K. Diamond's Motion for Leave to Appeal Interlocutory Order Pursuant to 28 U.S.C. 158(a) (Doc. # 1) and David J. Dambro's Response in Opposition (Doc. # 1-6).  Both of these documents were initially filed in the Bankruptcy Court and were transmitted to this Court on May 18, 2011.  For the reasons set forth below, the Court denies the Motion.

**I.   Background**

The adversary proceeding before the Bankruptcy Court, which is the subject of the present Motion, has its origins in a $5,600,000.00 fraudulent conveyance judgment entered against Dambro by the United States District Court for the Central District of

California and affirmed by the Ninth Circuit Court of Appeals. The judgment was entered after ten years of hard-fought litigation.

On February 24, 2009, Dambro filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On May 22, 2009, Diamond filed a complaint in Dambro's bankruptcy case seeking a determination that the $5,600,000.00 fraudulent conveyance judgment entered against Dambro is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).[1] Thereafter, on June 22, 2010, Diamond filed a motion for summary judgment, to which Dambro replied. On September 15, 2010, the Bankruptcy Court held oral argument on the motion for summary judgment. On March 22, 2011, the Bankruptcy Court convened the parties to inform them of its ruling, and on that same day, the Court issued an order denying the motion for summary judgment "for the reasons stated in open court." (Doc. # 1-4 at 4).

During the March 22, 2011, hearing, the Bankruptcy Court identified the issues presented as: (1) "whether Mr. Dambro is barred from contesting the nondischargeability of Plaintiff's California judgment against him under Sections 523(a)(2)(A), 523(a)(4), [and] 523(a)(6) of the Bankruptcy Code" and (2) "whether

---

[1] Section 523(a)(2) excepts from discharge debts incurred by false pretense, a false representation, or actual fraud; Section 523(a)(4) excepts from discharge a debt for fraud while acting as a fiduciary, embezzlement, or larceny; and Section 523(a)(6) excepts from discharge a debt incurred for willful and malicious injury by the debtor to another entity or to the property of another entity.

the [California] jury's findings collaterally estopped Mr. Dambro from denying that the Plaintiff's judgment is excepted from discharge under Sections 523(a)(2), (a)(4), and (a)(6)." (Doc. # 1-7 at 4, 8).

After describing the complex procedural history and setting forth the controlling law, the Bankruptcy Court determined "the moving party, the Plaintiff, has not established those requirements [the four requirements of collateral estoppel]." Id. at 12, 13. The Bankruptcy Court further noted that, even if the elements for collateral estoppel were present, the Court would use its discretion to decline to apply the doctrine of collateral estoppel pursuant to Bush v. Balfour Beatty Bahammas, 62 F. 3d 1319, 1325 n.8 (11th Cir. 1995)("We note that whether to allow issue preclusion is within the sound discretion of the trial court."). (Doc. # 1-7 at 13).  Thus, the Bankruptcy Court denied Diamond's motion for summary judgment.  Diamond seeks an order from this Court allowing an interlocutory appeal of the Bankruptcy Court's order.

## II. **Legal Standard**

A district court has jurisdiction to consider interlocutory appeals from the orders of a bankruptcy court if the district court grants leave.  28 U.S.C. § 158(a)(3).  Because the statute does not provide criteria for determining whether a district court should exercise its discretionary authority to grant leave, courts look to

28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from the district courts to the courts of appeals. In re The Charter Co., 778 F.2d 617, 620 n. 5 (11th Cir. 1985).

The pertinent factors under 28 U.S.C. § 1292(b) are whether the order involves a controlling question of law as to which there is substantial ground for difference of opinion and whether an immediate appeal from the order may materially advance the ultimate termination of the litigation. McFarlin v. Conseco Servs., 381 F. 3d 1251, 1264 (11th Cir. 2004). However, even when these factors are present, whether to grant or deny leave to appeal is within the sound discretion of the district court, and leave should be granted only in exceptional circumstances. Id.

**III. Analysis**

In McFarlin, the Eleventh Circuit clarified that the "question of law used in § 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." 381 F.3d at 1258. Further, a § 1292(b) "question of law" is not "the application of settled law to fact" or "any question the decision of which requires rooting through the record in search of the facts." 381 F.3d at 1258. Instead, the McFarlin court clarified, "what the framers of § 1292(b) had in mind is more of an abstract legal issue or what might be called one of pure law, matters the

-4-

court of appeals can decide quickly and cleanly without having to study the record." 381 F.3d at 1258 (internal citations and quotation marks omitted).

The fact-intensive nature of the issue presented--the application of estoppel principles steeped in fourteen years of procedural history--precludes any conclusion that there is a "controlling question of law" as to which there is a substantial ground for difference of opinion. This Court cannot evaluate the arguments asserted "quickly and cleanly" without delving into the record (not only the record in the pending bankruptcy case and adversary proceeding, but also the California proceedings-including the two week trial in the California district court leading to the judgment in question).

In addition, the Court does not find that allowing an interlocutory appeal will advance the ultimate resolution of the litigation. To the contrary, such an appeal would hinder the proceedings because the Bankruptcy Court litigation would be "put on hold" during the appellate process in this Court. (Doc. # 1-6 at 9). As stated in Figueroa v. Wells Fargo Bank, N.A., 382 B.R. 814, 823 (S.D. Fla. 2007), "Interlocutory review is generally disfavored for its piecemeal effect on cases." The Court declines to further protract these proceedings by allowing an interlocutory appeal. Thus, the request for leave to appeal is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Richard K. Diamond's Motion for Leave to Appeal Interlocutory Order Pursuant to 28 U.S.C. 158(a) (Doc. # 1) is **DENIED**.

2. The appeal is therefore **DISMISSED** as leave was not granted and the Court otherwise lacks jurisdiction to hear the appeal. The Clerk shall enter Judgment accordingly and **CLOSE THIS CASE**.

3. The Clerk shall transmit a certified copy of this Order to the United States Bankruptcy Court Clerk's Office.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of September, 2011.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
Caryl E. Delano, United States Bankruptcy Judge
Clerk, U.S. Bankruptcy Court
Counsel of Record